9

IN THE UNITED STATES DISTRICT COURT FOR EASTERN MICHIGAN
WHATCOM COUNTY, WASHINGTON

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>Plaintiff,<br><br>vs.<br><br>THE APPELLATE LAW FIRM,<br><br>Defendant. | Case: 2:22-cv-10103<br>Judge: Drain, Gershwin A.<br>MJ: Grand, David R.<br>Filed: 01-07-2022<br>CMP LANGWORTHY VS APPELLATE LAW FIRm (DP) |

I. <u>TYPE OF CLAIM</u>

GENEVA LANGWORTHY brings this civil cause of action against the Appellate Law Firm under the Americans with Disabilities Act and the Uniform Commercial Code, for disability discrimination, disparate treatment/disparate impact, failure to effectively communicate, breach of contract, and failure to contract.

II. <u>JURISDICTION</u>

The U.S. District Court for Eastern Michigan (Southern District) has jurisdiction because the Americans with Disabilities Act is federal law, and because of the diversity of the parties. Ms. Langworthy is a resident of New Mexico (temporarily residing in Washington state), while the Appellate Law Firm is headquartered in Mount Clemens, Michigan.

III. <u>PARTIES</u>

PLAINTIFF: Geneva Langworthy

COMPLAINT -1-

                P.O. Box 2082,
                Sequim, WA 98382
                freesnorri@gmail.com

DEFENDANT: The Appellate Law Firm
                Corporate Headquarters
                75 N. Main Street, Ste. 2500
                Mount Clemens, MI 48043
                866.839.5906
                anna@mltalaw.com

REGISTERED AGENT: Matthew Tuck
                1114 Mitchell Ave.
                Lansing, MI 48917

IV. **CLAIMS FOR RELIEF**

Disability discrimination

Denial of effective communication

Disparate treatment/disparate impact

Breach of contract

Failure to contract

V. **AUTHORITY**

1. 28 CFR Part 36 Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities

2. Uniform Commerical Code (UCC) Part 6 Breach, Repudiation and Excuse

VI. **STATEMENT OF CASE**

In May, 2021, GENEVA LANGWORTHY consulted the Appellate Law Firm about four different appeals from the same anti-harassment order in Whatcom County, WA. The Appellate Law Firm (TALF) offered to handle the four appeals for $20,000. Within 7 days, Ms. Langworthy made payment of the entire amount. Ms. Langworthy signed an Engagement Agreement, which stated in part: "TALF agrees to represent Client, Geneva Langworthy on both her appeal and Motion for Discretionary Review from start to finish for a flat fee of $20,000."

COMPLAINT

TALF filed a notice of appeal in one of the four matters, the renewal of the anti-harassment order. Ms. Langworthy had already filed appeals in the other 3 matters.

There were problems with ineffective communication from the outset. TALF missed a deadline to file something in Ms. Langworthy's motion for discretionary review, and she made several attempts to remind them, without effect.

Prior to withdrawing, the Appellate Law Firm never communicated to Ms. Langworthy their concerns or how their issues could be addressed short of withdrawal.

The Appellate Law Firm withdrew from all appeals, half finished or not commenced at all, in August, 2021.

VII. **RELIEF REQUESTED**

Plaintiff seeks actual damages of $22,000, and compensatory damages in the amount of $250,000.

VIII. **DECLARATION**

I, Geneva Langworthy, declare under penalty of perjury in the laws of the State of Michigan, as follows:

1. I hired the Appellate Law Firm (TALF) to handle the appeals from an anti-harassment order which is the product of fraud. No one in the Washington state courts will consider my evidence of my affirmative defense because I am pro se, indigent and disabled. There is a culture of animus against disabled litigants in Washington state. I felt that my legal arguments were sufficient, but that the courts would not read or adequately consider my pleadings because of my status and identity.

2. I was appealing from an anti-harassment order from county district court. The order was obtained through perjury, but no court has considered the exculpatory evidence which I submitted in response to the anti-harassment petition. Such is typical of the barriers faced by disabled litigants in Washington state.

3. The Appellate Law Firm agreed to take my case for $20,000, their flat rate. I had already filed a Notice of Direct Review to the Supreme Court, and a Notice of

COMPLAINT -3-

Discretionary Review to the Court of Appeals for the denial of my motion for reconsideration. There were also two appeals at the superior court level.

4. Almost right away, the Appellate Law Firm missed an important deadline. The Motion for Discretionary Review was due shortly after they were retained. I was keeping on top of those deadlines, because I was the one who filed the Notice of Discretionary Review.

I asked TALF whether they were planning to file that motion. I didn't want to be pushy. They kept confusing that deadline with a different deadline. I asked them several times the day prior, and the day that the motion was due. I even called the Court of Appeals to check on the deadline. Finally, at about 4 PM on the day the motion for discretionary review was due, TALF finally grasped what I was trying to tell them for two days. This was the first very clear instance of their failure to effectively communicate with me.

5. After that, I didn't feel entirely confident in their representation. I did not do anything at all in the Supreme Court and Court of Appeals cases, they handled those entirely. I did file an application for an order of indigency in the superior court case, after telling them I was planning to do so. They filed the Notice of Appeal in that cause.

6. The Appellate Law Firm agreed to handle four appeals: a motion for direct review to the Supreme Court, a motion for discretionary review to the Court of Appeals, an appeal of the renewal of the anti-harassment order, and an appeal of a denial of a motion to vacate the anti-harassment order by the county district court.

They wrote the motion for direct review to the Supreme Court and the motion for discretionary review to the Court of Appeals, but they did not write replies to the answers to those motions. The made no filings or pleadings in either of the superior court appeals.

7. After fulfilling less than half of the work that TALF contracted to do, they withdrew, without the permission of the courts.

COMPLAINT -4-

8. As a result of their withdrawal, I have lost each and every appeal. I am being criminally prosecuted on the basis of an anti-harassment order obtained through fraud and perjury, by a court lacking jurisdiction, issued improperly by default, by a judicial officer who was timely and properly disqualified.

9. I don't know whether they have breached the contract or whether there was never a contract formed in the first place. In either case, they owe me the $20,000 back.

10. In addition to actual damages, I am asking for $250,000 in punitive and compensatory damages. The harm done to me by the predatory actions of the Appellate Law Firm cannot be overstated. I currently have 5 warrants for my arrest because the girl who benefits from the anti-harassment order has lied to law enforcement several times in order to obtain criminal charges against me. I cannot wear a GPS electronic monitoring device because of my disabilities. The municipal court refuses to accommodate my disabilities, so I am barred from accessing jury trials.

It cost me more than two years' worth of disability benefits to retain the Appellate Law Firm. They had absolutely no justifiable reason for withdrawing, without refunding my money.

I have a strong claim for disparate treatment, as well as discrimination, because presumably this law firm normally finishes the appeals that they contract to undertake.

I am entitled to monetary damages under Title III of the Americans with Disabilities Act, and the Uniform Commercial Code.

I, Geneva Langworthy, declare under penalty of perjury that the information in this declaration is true and correct, to the best of my knowledge under the laws of the State of Michigan.

Dated this 6 day of January, 2022 and signed in Sequim, Washington.

*Geneva Langworthy*

-5-

COMPLAINT

X.  **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case- related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____January 6____, 2022.

Signature of Plaintiff _____

Printed Name of Plaintiff ___Geneva Langworthy_____

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GENEVA LANGWORTHY

**(b)** County of Residence of First Listed Plaintiff: Clallum WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
THE APPELLATE LAW FIRM
MATTHEW TUCK, Agent

County of Residence of First Listed Defendant: Ingham MI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities 28 CFR § 36

Brief description of cause:
the Appellate Law Firm broke contract due to client's disability, denied ADA accommodation to client, denied refund

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $272,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



