UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA LANGWORTHY,

Plaintiff,

v.

THE APPELLATE LAW FIRM,

Defendant.

_____/

Case No. 22-cv-10103

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [#2] AND TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

### I. INTRODUCTION

On January 7, 2022, *pro se* Plaintiff Geneva Langworthy filed an application to proceed in forma pauperis ("IFP").  Upon reviewing the Application, the Court is persuaded that Plaintiff is unable to pay the fees associated with the filing of her Complaint.  Plaintiff's Application to Proceed Without the Prepayment of Fees, or in forma pauperis is hereby GRANTED. 28 U.S.C. § 1915(a)(1).

Plaintiff resides in Sequim, Washington and commenced the present action against The Appellate Law Firm ("Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").  *See* ECF No. 1.  Plaintiff also states claims for violations of Uniform Commercial Code, and breach of

contract. *Id.* On September 23, 2022, Plaintiff filed a notice of voluntary dismissal [ECF No. 10] because the Court had not yet addressed her IFP application at that time.

For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Washington for further proceedings.

## II. DISCUSSION

In the present case, all the alleged statutory violations occurred while Plaintiff resided in Sequim, Washington, located in the United States Judicial District for the Western District of Washington. Defendant has law offices in this district, and the Western District of Washington.

Venue is proper in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *See Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Washington.  The primary factor when deciding to transfer venue is that all the "operative facts" in this case took place in Whatcom County, located in the Western District of Washington.  *See Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992).  Defendant has an office in the Western District of Washington, and Plaintiff resides there as well.  Litigation "should proceed in that place where the case finds its center of gravity," and here that center is in Washington State.  *See Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. 2004).

Venue for Plaintiff's lawsuit does not serve justice in the Eastern District of Michigan, because Plaintiff has failed to allege that any acts, events, or omissions which form the basis of her lawsuit took place in this district. *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001). The Court concludes that venue in this lawsuit lies best in the United States District Court for the Western District of Washington, where Plaintiff alleges the ADA violations occurred. This matter will therefore be transferred to that district for further proceedings.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed in Forma Pauperis [#2] is GRANTED. The Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated:  October 6, 2022                    /s/ Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2022, by electronic and/or ordinary mail.

4

<u>/s/ Teresa McGovern</u>
Case Manager